UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| **Rachel Ilconich,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**Rausch, Sturm, Israel, Enerson & Hornik LLP,**<br><br>    **Defendant.** | **Case Number**  5:21-cv-79 |

## Complaint & Jury Demand

1. The Plaintiff, Rachel Ilconich, sues Defendant, Rausch, Sturm, Israel, Enerson & Hornik LLP, pursuant to the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Protections Act (FCCPA).

2. The Plaintiff is a citizen of Florida residing in Ocala, Florida.

3. Plaintiff is a consumer.

4. Defendant is a limited liability partnership with a principal place of business in Brookfield, Wisconsin.

1

5. Defendant owns the fictious name Rausch Sturm, which is registered with the Florida Department of State, Division of Corporations.

6. The Honorable Court has original jurisdiction on the FDCPA claim pursuant to 15 U.S.C. § 1692k(d).

7. The Honorable Court has supplemental jurisdiction on the FCCPA claim pursuant to 28 U.S.C. § 1667(a).

8. Venue is appropriate in this Honorable Court as Defendant violated the FDCPA and FCCPA in Marion County, Florida.

9. On October 16, 2020 at 11:12 p.m. Defendant sent Plaintiff a text message.

10. The text message declared in part: "We have an important message from Rausch Sturm, a debt collector."

11. On Friday October 16, 2020 at 11:12 p.m. Plaintiff was in bed with her infant child.

12. Defendant's text message woke Plaintiff's infant child.

13. Plaintiff looked at Defendant's text message in the dead of night because it woke her child.

14. The text message upset Plaintiff.

15. Defendant's flagrant flouting of the law shook Plaintiff making her feel unsafe.

16. Defendant is a debt collector.

17. On October 16, 2020, Defendant was seeking to collect a consumer debt from Plaintiff.

18. Defendant has violated the FDCPA in the past.

19. The phone that Defendant texted in the dead of night had a (352) area code.

20. The (352) area code is associated with the East Coast of the United States.

21. Defendant had no reason to believe that Plaintiff was on the West Coast of the United States.

22. Defendant knew or should have known that Plaintiff was in or around Ocala, Florida on October 16, 2020.

23. Prior to the dead of night text by Defendant, Defendant had called Plaintiff twice in order to try to collect a debt.

24. Defendant's calls and dead of night text to Plaintiff was an intentional act to intimidate Plaintiff and jolt Plaintiff into paying monies to this debt collector.

25. Plaintiff texted Defendant after the illegal text: "Stop."

26. Plaintiff through counsel wrote to Defendant on October 26, 2020 advising of its violations.

27. Defendant failed, refused and/or neglected to substantively respond to Plaintiff's October 26, 2020 letter.

28. Plaintiff provided Defendant an opportunity to resolve the matter pre-suit and Defendant ignored the offer.

29. Defendant operates a large-scale debt collection practice.

30. The dead of night text messaging was an intentional and proven method of Defendant collecting debt which was the motivation for sending the text message.

**Count I – FDCPA § 805(a)(1)**

31. Plaintiff reincorporates paragraphs 1 through 30 as if fully stated herein.

32.     Defendant violated FDCPA § 805(a)(1) on October 16, 2020 when it communicated with Plaintiff via text message at 11:12 p.m.

33.     Plaintiff is a consumer as defined by FDCPA § 803(3).

34.     Defendant is a debt collector as defined by FDCPA § 803(6).

35.     Plaintiff sues Defendant pursuant to FDCPA § 813.

36.     Defendant's violation of the FDCPA was intentional.

37.     Defendant does not have reasonable maintenance procedures to prevent communications to be sent to consumers that run afoul of FDCPA § 805(a)(1).

38.     Defendant has benefitted from communications that were initiated in violation of FDCPA § 805(a)(1).

39.     Although Defendant has known about Plaintiff's claims through a letter sent from counsel and received by an attorney representing Defendant, it has not tendered any facts or law that would support a *bona fide* error defense pursuant to FDCPA § 813(c).

40.     Pursuant to FDCPA § 813(a)(2)(A) Plaintiff is entitled to statutory damages of up to $1,000.00 for the FDCPA violation.

41. Alternatively, Plaintiff is entitled to actual damages pursuant to FDCPA § 813(a)(1).

42. Plaintiff lost sleep, had physical pain, mental stress and increased anxiety as a direct result of Defendant's FDCPA violation.

43. Plaintiff seeks attorneys' fees and costs pursuant to FDCPA § 813(a)(3).

Wherefore, Plaintiff demands judgment, trial by jury, statutory damages or actual damages if the jury determines they are higher than statutory damages, attorneys' fees, costs and any other relief the Honorable Court deems appropriate.

**Count II – FCCPA Violations**

44. Plaintiff reincorporates paragraphs 1 through 30 as if fully stated herein.

45. Plaintiff sues Defendant pursuant to Fla. Stat. § 559.77.

46. On October 16, 2020, Defendant violated the FCCPA as it related to Plaintiff.

47. Defendant sought to collect a consumer debt from Plaintiff in the State of Florida.

48.  The violation occurred in Marion County, Florida.

49.  On October 16, 2020, Defendant sent a text message to Plaintiff at 11:12 p.m. trying to collect a debt.

50.  Defendant violated Fla. Stat. § 559.72(17).

51.  Defendant communicated with Plaintiff between the hours of 9 p.m. and 8 a.m. in Plaintiff's time zone without the prior consent of the Plaintiff.

52.  Plaintiff lost sleep, had physical pain, mental stress and increased anxiety as a direct result of Defendant's FDCPA violation.

Wherefore, Plaintiff demands judgment, trial by jury, statutory damages, actual damages for mental anguish, attorneys' fees, costs and any other relief the Honorable Court deems appropriate.

Respectfully submitted this 6th day of February 2021,

>/s/ *Bernard R. Mazaheri*_____
Bernard R. Mazaheri
Florida Bar Number 643971
Mazaheri & Mazaheri
325 Shelby Street
Frankfort, Kentucky 40601
Tel – (502) 475-8201
Email – bernie@thelaborfirm.com